**IN THE UNITED STATES BANKRUPTCY COURT**
**IN AND FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| Wallace K. Diamond, Jr. | ) | Case No. 14-10038-BLS |
| Dayra C. Diamond, | ) | Chapter 13 |
| | ) | |
| Debtors. | ) | Ref. No. 8 |

**FORD MOTOR CREDIT COMPANY'S**
**OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN**

NOW COMES Ford Motor Credit Company (hereinafter "FMCC"), by and through its attorneys, Whittington & Aulgur, and objects to confirmation of the Debtors' First Amended Chapter 13 Plan upon the following grounds:

1. FMCC is the holder of a Retail Installment Contract entered into by Wallace K. Diamond, Jr. (hereinafter "Debtor") on August 7, 2013 for the purchase of a new 2013 Ford Fiesta, VIN 3FADP4BJ4DM164756 (hereinafter "Vehicle").

2. FMCC has filed a Proof of Claim in the amount of $21,011.32, representing the payoff at the time of the bankruptcy filing of $18,164.92 plus interest at 5.9% of $2,857.40. Prepeition arrears on the account are $630.28.

3. The plan identifies this as a 910 claim and proposes payment of $18,053 plus 4.5% interest of $2140.60 for a total of $20,193.60.

4. FMCC objects to confirmation of the Debtors' First Amended Plan because the value and interest, as of the effective date of the Plan, to be distributed to FMCC on account of its claim is less than the allowed amount of the claim in violation of 11 U.S.C. §1325(a)(5)(B)(ii).

5. The subject vehicle was purchased within the 910 days preceding the bankruptcy filing. Therefore, pursuant to 11 U.S.C. §1325(a) under the "hanging paragraph", Section 506 is inapplicable and FMCC is entitled to payment in full plus interest at an appropriate rate.

6.     Based upon the foregoing, FMCC objects to the proposed plan and seeks payment on its secured claim of the payoff amount plus interest at the contract rate of 5.9% for a total of $21,022.32 over the 60 month plan.

7. The debtors are required by 11 U.S.C. §1326(a)(1)(C) to commence making payments no later than 30 days after the date of filing in the amount that provides adequate protection directly to FMCC. Debtors' Plan fails to provide for required adequate protection. FMCC asserts that the amount of such payment must be sufficient to provide FMCC's claim adequate protection during the period of the plan as required by 11 U.S.C. §1325(a)(5)(B)(iii)(II) and 11 U.S.C. §1326(a)(1)(C). FMCC asserts that the adequate protection payments should equal a minimum of 2% of the payoff amount of $18,164.92, which would be a minimum monthly payment of $363.30.

8.     Further, debtors propose payment of attorneys' fees prior to any other claim. It is asserted that such proposal constitutes bad faith that is a violative of Section 1325 in that it results in continued use of the vehicle without compensation and it results in a lack of adequate protection. The prior payment of attorneys' fees also circumvents the statutory scheme of immediate and continued payments to the secured creditor for the reasons set forth in paragraph "7" above. FMCC seeks a determination that the prior payment of attorney's fees is not allowed under the provisions of the Bankruptcy Code.

WHEREFORE, FMCC objects to confirmation of the Debtors' First Amended Chapter 13 Plan and prays for the relief to which it is entitled.

                              WHITTINGTON & AULGUR

By:   /s/ Kristi J. Doughty
       Robert T. Aulgur, Jr. (No. 165)
       Kristi J. Doughty (No. 3826)
       651 N. Broad Street, Suite 206
       P.O. Box 1040
       Middletown, DE  19709-1040
       (302) 378-1661
       Counsel for Ford Motor Credit Company

Date:  February 17, 2014